Slip Op. 07-173

UNITED STATES COURT OF INTERNATIONAL TRADE

|                          |   |                                  |
|--------------------------|---|----------------------------------|
| DENTAL EZ, INC.,         | : |                                  |
|                          | : |                                  |
| Plaintiff,               | : |                                  |
|                          | : | Before: Jane A. Restani, Chief Judge |
| v.                       | : |                                  |
|                          | : | Court No. 07-00234               |
| UNITED STATES,           | : |                                  |
|                          | : |                                  |
| Defendant.               | : |                                  |

**OPINION**

[Plaintiff's motion to stay action granted.]

Dated: November 21, 2007

Barnes, Richardson & Colburn (David G. Forgue and Nicole A. Kehoskie) for the plaintiff.

Peter D. Keisler, Assistant Attorney General; Jeanne E. Davidson, Director; Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Michael J. Dierberg); Office of the Chief Counsel for Import Administration, U.S. Department of Commerce (Jonathan Zielinski), of counsel, for the defendant.

Restani, Chief Judge: This antidumping duty matter is before the court on plaintiff Dental EZ, Inc.'s ("DentalEZ") motion to stay and defendant United States Department of Commerce's ("Commerce") motion to dismiss. Plaintiff wishes this matter stayed pending a determination on the merits in Dental EZ, Inc. v. United States, Court No. 07-00029, which involves a different periodic administrative review from the matter before the court. Defendant opposes the stay and alleges that jurisdiction is lacking.

## FACTS

Plaintiff claims that the liquidation instructions to assess duties on its entries as entries of a reseller at the "all others" rate are erroneous. Defendant alleges that the liquidation instructions reflect a factual determination made in the administrative review, specifically, that Barden Corporation (U.K.) Limited ("Barden"), the producer, did not know that the merchandise of its reseller, DentalEZ's British affiliate, was destined for the United States. Hence, defendant argues, the "all others" rate, not the producer's rate, was applicable. As the reseller did not participate in the review so as to obtain its own rate, Commerce applied the "all others" rate. See Parkdale Int'l, Ltd. v. United States, __ CIT __, __, 508 F. Supp. 2d 1338, __ (2007) (explaining procedures for calculation of reseller's rate); 19 C.F.R. § 351.212(c); Antidumping and Countervailing Duty Proceedings: Assessment of Antidumping Duties, 68 Fed. Reg. 23,954 (May 6, 2003) (notice of policy concerning assessment of antidumping duties) ("Reseller Policy").

## DISCUSSION

Plaintiff's complaint alleges that Commerce did not ask Barden the correct questions during the administrative review and thus made an incorrect decision as to Barden's knowledge of the destination of the sales at issue. Plaintiff claims that it was not required to participate in the review, as it could rely on the Reseller Policy itself, which plaintiff avers entitled it to Barden's rate. Plaintiff, or its affiliate reseller, however, could have alerted Commerce to its error or provided information to prevent the error, without fully participating in the review, and still preserved its claim to Barden's rate. This would appear to be sufficient

participation to qualify as a "participant" under 28 U.S.C. § 2631(c) and to be entitled to seek review of the final results of the administrative proceeding in this court under 28 U.S.C. § 1581(c), assuming the other requirements for § 1581(c) jurisdiction were present. See Specialty Merch. Corp. v. United States, __ CIT __, __, 477 F. Supp. 2d 1359, 1361 (2007) (holding that participation requirement was met by submitting belated notice indicating support for other parties' position); see also Nucor Corp v. United States, Slip Op. 07-144, 2007 WL 2789273, * 5–6 (CIT Sept. 26, 2007) (discussing precedents regarding participation requirement). The issue is whether DentalEZ was required to do so because this was both an adequate and the exclusive path to relief. See Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987).

It is not always easy to determine if jurisdiction is appropriate under the various provisions of 28 U.S.C. § 1581. The court must look to the "true nature" of the action to determine if jurisdiction would be proper. See Norsk Hydro Can., Inc. v. United States, 472 F.3d 1347, 1355 (Fed. Cir. 2006).

Defendant relies heavily on the distinction drawn in Parkdale between facial regulatory challenges that are reviewable under 28 U.S.C. § 1581(i) and factual determinations made in administrative reviews that are reviewable under 28 U.S.C. § 1581(c). See Parkdale, __ CIT at __, 508 F. Supp. 2d. at __. The distinction holds, but the issue of whether the context of the type of factual determination here lends itself to jurisdiction under 28 U.S.C. § 1581(c) was not before the court in Parkdale. Contrast Dental EZ, Inc. v. United States, Slip Op. 07-98, 2007 WL 1847615, at * 2 (CIT June 28, 2007) ("Dental EZ I"). In Dental EZ I, the court

Court No. 07-00234 Page 4

addressed a dispute very similar to the one at hand, and that action precipitated the motion for stay now before the court. There, the court determined that jurisdiction under 28 U.S.C. § 1581(i) was appropriate, because the claim was a challenge to liquidation instructions, not a challenge to the results of an administrative review. Id. (citing Consol. Bearings Co. v. United States, 348 F.3d 997 (Fed. Cir. 2003)). The court here, however, is not sure as to the true nature of the claim, and even the Dental EZ I court hints that what happened (or should happen) is not entirely clear. See id. at * 3.

Thus, the court has examined the administrative determination at issue, Ball Bearings and Parts Thereof from France, Germany, Italy, Japan and the United Kingdom: Final Results of Antidumping Duty Administrative Reviews, 71 Fed. Reg. 40,064 (July 14, 2006), and searched for the factual determination that defendant alleges was made, but the factual determination does not leap out from the pages of the Federal Register.[1] Whether resellers and their importers have notice that they must participate in administrative reviews at least in some manner to preserve their rights under the Reseller Policy has not yet been fully explained.[2] If they must do so, jurisdiction would lie only under 28 U.S.C. § 1581(c) for review of a specific unfair trade determination listed in 19 U.S.C. § 1516a, and jurisdiction over this case, brought under 28 U.S.C. § 1581(i) regarding administration and enforcement of tariff laws, likely would

---

[1] The fact that defendant provided no pin cite is telling. Perhaps defendant is arguing that because Commerce did not make a positive determination as to the producer's knowledge, it must have made a negative determination. The court does not resolve the issue of whether this is sufficient.

[2] For example, does something in the preliminary determination, the policy notice itself, or elsewhere alert one to what may happen before the agency and that one must participate in the review.

Court No. 07-00234                                                                                                Page 5

Court No. 07-00234                                                                                                Page 5

be lacking.  See Miller, 824 F.2d at 963 (holding that jurisdiction under 28 U.S.C. § 1581(i) is available only where other provisions of § 1581 are manifestly inadequate).  As this issue will no doubt be thrashed out as the first Dental EZ case proceeds, and as that court will no doubt have the occasion to consider its jurisdictional decision again[3] when it considers the merits and the applicable procedure is clarified by the parties, the court here will not grapple with this issue on this sparse record.

        In the interests of judicial economy and the parties' pocketbooks, these issues should be litigated before one judge at a time.  Accordingly, plaintiff's motion to stay is granted.  Upon entry of the final appealable judgment in Dental EZ, Inc.v. United States, Court No. 07-00029, the parties shall have eleven days to advise the court as to how they wish this matter to proceed.

                                    /s/ Jane A. Restani
                                    Jane A. Restani
                                    Chief Judge

Dated this 21st day of November, 2007.
New York, New York.

---

[3] Jurisdictional issues may be raised at any time.

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____     By: _____
                                      Deputy Clerk